# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:03CR486** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **RALPH JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On October 7, 2004, the Defendant, Ralph Jones, was sentenced to fifty-one (51) months imprisonment, followed by four (4) years of supervised release, for conspiracy possess with intent to distribute and distribution of cocaine base, a Class B felony. His supervised release commenced on March 6, 2008.

On or about January 15, 2008, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of supervised release:

(1) Illegal Drug Use.

(2) Failure to pay fine.

(3) Failure to follow instructions of the Probation Officer.

(4) Failure to obtain employment.

(5) Failure to commence placement at Oriana House.

The matter was referred to Magistrate Judge George J. Limbert to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate for an initial appearance on February 24, 2010, and was represented by counsel Damian Billak. At the hearing, the Defendant admitted to violations one through five. The Magistrate has issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of his supervised release. (Dkt. # 619).

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through five of the probation officer's violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release. Because violation number two involves drug possession, pursuant to 18 U.S.C. § 3583(g)(1), the Court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d). Subsection (d), provides that "the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception."

The Court has considered the statutory maximum sentence of three years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 6 to 12 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. §

3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 619). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to seven (7) months imprisonment. Furthermore, the Defendant's remaining term of supervised release is hereby terminated.

**IT IS SO ORDERED.**


Issued: March 1, 2010    s/ Peter C. Economus
                         PETER C. ECONOMUS
                         UNITED STATES DISTRICT JUDGE